UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD JAMES CLARK,

                Petitioner,

-*against*-

WARDEN JAMISON,

                Respondent.

**TRANSFER ORDER**

23-cv-1140 (ER)

RAMOS, D.J.:

    Petitioner Edward James Clark, currently incarcerated at FCI Danbury in Danbury, Connecticut, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking a recalculation of his sentence under the First Step Act of 2018.[1]  Clark paid the filing fee to bring this action.[2]  For the following reasons, this petition is transferred to the United States District Court for the District of Connecticut.

    In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian).  Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement.  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).  Clark is currently incarcerated at FCI Danbury, which is located in the judicial district of the United States District Court for District of Connecticut.  Therefore, in the

---

[1] At the time he filed this petition, Petitioner was incarcerated at FCI Otisville in Otisville, New York.  On March 20, 2023, the court received a letter from Petitioner stating that he had been transferred to FCI Danbury.  Doc. 3.

[2] The petition was not accompanied by the $5.00 filing fee or an application to proceed *in forma pauperis* (IFP).  By order dated February 14, 2023, Chief Judge Laura Taylor Swain directed Clark to pay the filing fee or submit an IFP application.  Doc. 2.  The court received Clark's filing fee on March 7, 2023.

interest of justice, this matter is transferred to the District of Connecticut. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Connecticut. This order closes this case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  March 27, 2023
        New York, New York

_____
Edgardo Ramos, U.S.D.J.